UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BARBARA VINCIGUERRA,

                Plaintiff,                    **ANSWER**

      -against-                           08 CV 5371
                                                (RJH)

THE PORT AUTHORITY OF NEW YORK and
NEW JERSEY, JOHN RYAN, Individually and in     Jury Trial Demanded
His Official Capacity, ANTHONY WHITAKER,
Individually and in His Official Capacity, JOHN
KASSIMATIS, Individually and in His Official
Capacity, SAMUEL PLUMERI, Individually and in
His Official Capacity, CAROL MARESCA,
Individually and in Her Official Capacity,

                Defendants.
------------------------------------------------------------------------x

       Defendants, The Port Authority of New York and New Jersey (the "Port Authority"), John Ryan, Anthony Whitaker, John Kassimatis, Samuel Plumeri and Carol Maresca, by their Attorney of Record, Milton H. Pachter, as and for their Answer to the Complaint in the above-titled action state to this Court upon information and belief the following:

## PRELIMINARY STATEMENT

       1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

## JURISDICTION AND VENUE

       2.     Deny the allegations contained in paragraph "2" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       3.     Deny the allegations contained in paragraph "3" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

## PARTIES

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Neither admit nor deny the allegations contained in paragraph "6" of the Complaint because said paragraph states conclusions of law rather than allegations of fact.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint in the form alleged, except admit that the Port Authority is a body corporate and politic created by Compact between the States of New York and New Jersey with the consent of the Congress of the United States and its principal place of business is located at 225 Park Avenue South, New York, New York 10003.

9. Neither admit nor deny the allegations contained in paragraph "9" of the Complaint because said paragraph states conclusions of law rather than allegations of fact.

10. Neither admit nor deny the allegations contained in paragraph "10" of the Complaint because said paragraph states conclusions of law rather than allegations of fact.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that the Port Authority has a Department of Public Safety of which John Ryan is a member at the rank of Police Lieutenant assigned to the John F. Kennedy ("JFK") command.

12 Deny the allegations set forth in paragraph "12" of the Complaint, except admit that John Ryan is a resident of New York.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that the Port Authority has a Department of Public Safety of which Anthony Whitaker is a member at the rank of Deputy Chief of Department assigned to the Director's Office.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Anthony Whitaker is a resident of New Jersey.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the Port Authority has a Department of Public Safety of which John Kassimatis is a member at the rank of Police Inspector assigned to the JFK command.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that John Kassimatis is a resident of New York.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that the Port Authority has a Department of Public Safety of which Carol Maresca is the Deputy Director—Deputy Superintendent of Police.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that the Port Authority has a Department of Public Safety of which Samuel Plumeri is the Director—Superintendent of Police.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that Samuel Plumeri is a resident of New Jersey.

### ALLEGATION COMMON TO ALL CLAIMS

21. Deny the allegations set forth in paragraph "21" of the Complaint in the form alleged, except admit that Plaintiff's employment with the Port Authority commenced on August 4, 1980 and in December 2007, Plaintiff's job title was Supervisor, Police Planning and Administration.

22. Deny the allegations set forth in paragraph "22" of the Complaint in the form alleged, except admit that the position of Supervisor, Police Planning and Administration is a not a police position.

23. Deny the allegations set forth in paragraph "23" of the Complaint in the form alleged, except admit that Plaintiff is currently a Port Authority employee temporarily assigned to its Aviation Department and her current job title is Supervisor, Police Planning and Administration.

24. Deny the allegations set forth in paragraph "24" of the Complaint in the form alleged, except admit that John Ryan has been a Port Authority employee since 1977 and has been assigned to the JFK command since 2002.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint and respectfully refer the Court to the document referenced therein as to its content.

27. Deny the allegations set forth in paragraph "27" of the Complaint and respectfully refer the Court to the document referenced therein as to its content.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint and respectfully refer the Court to the document referenced therein as to its content.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Carol Maresca and Karen Adamczyk met with Plaintiff.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that Anthony Whitaker conducted interviews.

32. Deny the allegations set forth in paragraph "32" of the Complaint and respectfully refer the Court to the document referenced therein as to its content.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint in the form alleged.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint, except admit that Carol Maresca was named Deputy Director Public Safety—Deputy Superintendent of Police in 2007.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint in the form alleged.

66. Deny the allegations set forth in paragraph "66" of the Complaint in the form alleged, except admit that Lorraine Lucas holds the position of Supervisor, Police Planning and Administration at the JFK command.

67. Deny the allegations set forth in paragraph "67" of the Complaint in the form alleged.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

## AS AND FOR A FIRST DEFENSE

78. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

79. The Port Authority has, at all times, provided equal employment opportunities to all individuals and has maintained no policy or practice of discrimination based on gender.

## AS AND FOR A THIRD DEFENSE

80. At all times mentioned in the Complaint and with respect to all matters alleged in the Complaint, the Defendants fully complied with and followed all rules, regulations and procedures with respect to Plaintiff's employment with the Port Authority.

### AS AND FOR A FOURTH DEFENSE

81. That if Plaintiff did not timely file a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), then this Court lacks jurisdiction over any claim made by Plaintiff which was not timely filed with the EEOC and plaintiff bears the burden of proof of compliance.

### AS AND FOR A FIFTH DEFENSE

82. The decisions made with respect to Plaintiff's employment were based on reasonable factors other than Plaintiff's gender or alleged complaints of discrimination; therefore the Complaint fails to state a claim for relief pursuant to Title VII.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

83. To the extent that any of the foregoing defenses are deemed to be affirmative defenses, they are specifically reiterated and re-alleged herein as affirmative defenses.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

84. That if Plaintiff has failed to institute this action within the statutory time limits set forth under Title VII, then Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

85. The Port Authority cannot be held liable since it exercises reasonable care to prevent and correct any unlawful discriminatory behavior pursuant to its policy of non-discrimination, and the Plaintiff failed to take advantage of the procedures the Port Authority had in place to enforce its policy against discrimination.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

86.     The Port Authority cannot be held liable under the doctrine of *respondeat superior*.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

87.     The Port Authority is a bi-state agency and to the extent it was acting in a governmental capacity is entitled to governmental immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

88.     The Port Authority and its employees acted at all relevant times in accordance with federal law and the United States Constitution.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE**

89.     Defendants acted in good faith with respect to Plaintiff's terms and conditions of employment and as such enjoy qualified immunity.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

90.     Plaintiff's claims are barred to the extent she failed to comply with the applicable statutes of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

91.     The Port Authority is a bi-state agency and as such the Port Authority and its employees are not subject to the laws of the State and City of New York.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE**

92.     The Port Authority cannot be held liable for punitive damages.

**WHEREFORE**, the Defendants, The Port Authority of New York and New Jersey, John Ryan, Anthony Whitaker, John Kassimatis, Samuel Plumeri and Carol Maresca demand judgment dismissing the Complaint, together with costs and attorney's fess incurred in the

defense of this action, and that this Court grant Defendants such further and other relief as it may deem just and proper.

Dated: New York, New York
August 12, 2008

                        Respectfully Yours,

                        MILTON H. PACHTER, ESQ.
*Attorney for Defendants*
The Port Authority of New York & New Jersey,
John Ryan, Anthony Whitaker, John Kassimatis,
Samuel Plumeri and Carol Maresca

By:/s/ *Karla Denalli*
    Karla Denalli (KD-8357)
    225 Park Avenue South, 13th Floor
    New York, New York 10003
    (212) 435-3436

TO:    Steven A. Morelli (SM-4721)
        The Law Office of Steven A. Morelli, P.C.
        *Attorneys for Plaintiff*
        One Old Country Road, Suite 347
        Carle Place, New York 11514
        (516) 393-9151